SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX

*2013-007481*

-------------------------------------------------------------------------x

LISETTE PEDROSA

                                      Plaintiff,

                -against-

THE CITY OF NEW YORK; NILDA HOFFMAN; as
Deputy Inspector, Commanding Officer of the 25th Precinct;
SALVATORE MARCHESE, as Lieutenant, formerly
assigned to the 25th Precinct; GARFIELD EDMONDS, as
Lieutenant, formerly assigned to the 25th Precinct; KEVIN
COLEMAN, as Sergeant, formerly assigned to the 25th
Precinct and JESSICA MCRORIE, as Sergeant, 25th Precinct,
each being sued individually in their official capacities as
employees of defendant THE CITY OF NEW YORK

                                  Defendants'

**SUMMONS**

Index No.: **301291-13**

-------------------------------------------------------------------------x

To the above-named defendants' THE CITY OF NEW YORK;
NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD
EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE:

       You are hereby summoned and required to serve upon plaintiff's attorney, at the address

stated below, an answer to the attached Verified Complaint.

       If this summons was personally served upon you by the State of New York, the answer

must be served within twenty days after such service of the summons, excluding the date of

service. If the summons was not personally delivered to you within the State of New York, the

answer must be served within thirty days after service of the summons is complete as provided

by law.

       If you do not serve an answer to the attached complaint within the applicable time

limitation stated above, a judgment may be entered against you, by default, for the relief

demanded in the complaint, without further notice to you.

The action will be heard in the Supreme Court of the State of New York, in and for the

County of the Bronx, 851 Grand Concourse, Bronx, N.Y. 10451.  This action is brought in the

County of the Bronx because part of the defendants' actions occurred in the Bronx.

Dated:  February 25, 2013
      New York, NY

Respectfully submitted,

By: _____
      Eric Sanders

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
1140 Avenue of the Americas, 9th Floor
New York, NY 10036
(800) 371-4835 (Business Telephone)
(212) 537-9081 (Facsimile)

Website: http://www.thesandersfirmpc.com

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX

------------------------------------------------------------------------x

LISETTE PEDROSA

                                             Plaintiff,

          -against-

THE CITY OF NEW YORK; NILDA HOFFMAN; as
Deputy Inspector, Commanding Officer of the 25th Precinct;
SALVATORE MARCHESE, as Lieutenant, formerly
assigned to the 25th Precinct; GARFIELD EDMONDS, as
Lieutenant, formerly assigned to the 25th Precinct; KEVIN
COLEMAN, as Sergeant, formerly assigned to the 25th
Precinct and JESSICA MCRORIE, as Sergeant, 25th Precinct,
each being sued individually in their official capacities as
employees of defendant THE CITY OF NEW YORK

                                     Defendants'

**VERIFIED COMPLAINT
AND JURY DEMAND**

------------------------------------------------------------------------x

    The plaintiff LISETTE PEDROSA by her attorney The Sanders Firm, P.C., as and for her

Verified Complaint against defendants' THE CITY OF NEW YORK; NILDA HOFFMAN;

SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA

MCRORIE, respectfully set forth and allege that:

## <u>INTRODUCTION</u>

    This is an action for equitable relief and money damages on behalf of the plaintiff LISETTE

PEDROSA, (hereinafter referred to as "plaintiff") who was and is being deprived of her statutory

rights as an employee as a result of defendants' THE CITY OF NEW YORK; NILDA

HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMOND; KEVIN COLEMAN and

JESSICA MCRORIE'S conduct.

## <u>JURISDICTION AND VENUE</u>

    1.      The jurisdiction of this Court is invoked pursuant to the First Amendment of the

United States Constitution; the Civil Rights Act of 1866, 42 U.S.C. § 1981; the Civil Rights Act of 1871, 42 U.S.C. § 1983; New York State Executive Law § 296, and New York City Administrative Law § 8-107.

2.     The unlawful employment practices, violations of plaintiff's statutory rights as an employee complained of herein were committed within New York, Bronx, and Westchester counties.

## PROCEDURAL REQUIREMENTS

3.     Plaintiff has filed suit with this Court within the applicable statute of limitations period.

4.     Plaintiff is not required to exhaust any administrative procedures prior to suit.

## PLAINTIFF

5.     Plaintiff LISETTE PEDROSA is a citizen of the United States of America and is over twenty-one (21) years of age, a resident of Bronx County and is an employee of defendant THE CITY OF NEW YORK (hereinafter referred to as the "CITY") more specifically the Police Department City of New York (hereinafter referred to as the "NYPD").  For the purposes of this litigation defendant CITY may be identified interchangeably using CITY or NYPD to identify the employer which is the CITY.

## DEFENDANTS'

6.     Defendant CITY was and is a municipal corporation organized and existing under and by virtue of the law of the State of New York, and at all relevant times Plaintiff's employer, with its central offices in the county of New York, and diverse other offices and facilities throughout the world.

7.     Defendant NILDA HOFFMAN (Hispanic Female), as Deputy Inspector,

Commanding Officer of the 25th Precinct.

    8.    Defendant SALVATORE MARCHESE (Caucasian Male), as Lieutenant, formerly assigned to the 25th Precinct.

    9.    Defendant GARFIELD EDMONDS (African-American Male), as Lieutenant, formerly assigned to the 25th Precinct.

    10.    Defendant KEVIN COLEMAN (Caucasian Male), as Sergeant, formerly assigned to the 25th Precinct.

    11.    Defendant JESSICA MCRORIE (Caucasian Female), as Sergeant, 25th Precinct.

## BACKGROUND

    12.    Plaintiff is a Puerto-Rican female employee of the NYPD.

    13.    Plaintiff alleges that defendant CITY is aware that it has a persistent problem of Caucasian Males committing "quid pro quo" sexual harassment but, their typical response is to label the accuser a "malcontent" and close the case as either "Unfounded" or "Unsubstantiated."

    14.    Plaintiff alleges that defendant CITY is aware that it has a persistent problem of Caucasian Male employees engaging in highly offensive sexual conduct such as "public lewdness" on and off duty against other employees and the general public.

    15.    Plaintiff alleges as publically reported, Former Transit Bureau Captain Jeffrey Kilmas (Caucasian Male) pled guilty to public lewdness and disorderly conduct after exposing himself in the male's bathroom at the Kew Gardens Station in Queens while on duty (Exhibit 1).

    16.    Plaintiff alleges as publically reported, he was previously accused of fondling a teenager on the No.: 4 train 2003, but defendant CITY closed it as "Unfounded."

    17.    Plaintiff alleges as publically reported, he was allowed to retire with his pension and penalized eleven (11) vacation days, a slap on his wrist.

18.     Plaintiff alleges as publically reported, Former Lieutenant Kieran Crowe (Caucasian Male), Office of Equal Employment Opportunity was found guilty after a NYPD disciplinary trial of rubbing his crotch, simulating masturbation and wiggling his tongue at two (2) subordinate male sergeants (Exhibit 2).

19.     Plaintiff alleges that as publically reported, he was allowed to retire with his pension, penalized sixty (60) vacation days and placed on dismissal probation, a slap on the wrist.

20.     Plaintiff alleges that after complainants made their allegations to the Office of Equal Employment Opportunity and the Internal Affairs Bureau they were labeled "Homophobic" and allegations of misconduct were filed against them after they went public with their case in the New York Daily News.

21.     Plaintiff alleges that additionally, once complainants filed their sexual harassment complaint in federal court, Former Lieutenant Kieran Crow counterclaimed them alleging defamation.

22.     Plaintiff alleges that on or about July 13, 2010 defendant CITY paid $300,000.00 to settle the male on male sexual harassment claims against defendants' The City of New York; Raymond W. Kelly and Neldra M. Zeigler and defendant Kieran Crowe (Exhibit 3).

23.     Plaintiff alleges as publically reported, Former Captain Michael DeBellis (Caucasian Male), 42nd Precinct pled guilty to exposing his penis to a female subordinate inside of the precinct (Exhibit 4).

24.     Plaintiff alleges that as publically reported he was allowed to retire with his pension and penalized sixty (60) vacation days, a slap on the wrist.

25.     Plaintiff alleges that after complainant made her allegations to the Office of Equal

Employment Opportunity and the Internal Affairs Bureau allegations of misconduct were filed against her after she went public with her case in the New York Daily News (Exhibit 5).

26.     Plaintiff alleges after complainant filed her sexual harassment lawsuit in Bronx Supreme Court, Former Captain Michael DeBellis then sued her for defamation.

27.     Plaintiff alleges that complainant was subsequently served with Charges and Specifications and penalized eight (8) vacation days for parking her car in a bus stop.

28.     Plaintiff alleges that both the sexual harassment and defamation cases are pending in Bronx Supreme Court.

29.     Plaintiff alleges that defendant CITY through its investigative units such as the Office of Equal Employment Opportunity, Internal Affairs Bureau and the Department Advocate's Office usually responds to discrimination complaints filed by employees of "color" by filing false allegations of misconduct and unfairly disciplining them while imposing little or no discipline against the offending Caucasian Male employee.

30.     Plaintiff alleges that defendant CITY is particularly aggressive against employees such as herself that go public as a citizen in the media to expose the corruption within the NYPD which is a legitimate public safety concern.

31.     Plaintiff alleges that defendant CITY is also aware that Caucasian Male employees accused of discrimination where the complainants such as herself go public as a citizen in the media to expose corruption within the NYPD usually respond by filing frivolous disciplinary actions or defamation lawsuits against them.

32.     Plaintiff alleges that the goal of filing false allegations of misconduct, unfair disciplinary charges as well as filing frivolous defamation lawsuits against them is to quell their first amendment right as a citizen to freedom of speech and the right to access the courts.

33.     Plaintiff alleges that defendant CITY is aware of these practices as outlined in Paragraph Nos.:13 through 32, and either encourages, condones, and/or acquiesces to such conduct to protect its public image.

34.     Plaintiff alleges that as outlined in Paragraph Nos.: 1 through 32 defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE engaged in the same sort of conduct towards her.

35.     Plaintiff alleges that in or around January 2010, defendant SALVATORE MARCHESE was assigned as the Special Operations Lieutenant within the 25th Precinct.

36.     Plaintiff alleges that defendant SALVATORE MARCHESE bragged around the precinct how he was connected to some "Chief."

37.     Plaintiff alleges that defendant SALVATORE MARCHESE acted as if he was "untouchable."

38.     Plaintiff alleges that in that coveted position, defendant SALVATORE MARCHESE was directly responsible for managing the personnel assigned to specialized units within the 25th Precinct such as Anti-Crime and the Conditions Unit.

39.     Plaintiff alleges that in or around January 2010, during her initial meeting with defendant SALVATORE MARCHESE he "offered" her an opportunity to work directly for him in a newly "created" position within the Conditions Unit.

40.     Plaintiff alleges that defendant SALVATORE MARCHESE "offered" her this newly "created" position redressing graffiti problems within the 25th Precinct, the position included steady hours and days off.

41.     Plaintiff alleges that this newly "created" position was not posted in the precinct.

42.     Plaintiff alleges that positions with steady hours and days off days are in high

demand within the 25th Precinct, actually throughout the NYPD as opposed to being assigned to a rotating patrol squad chart.

43.     Plaintiff alleges that defendant SALVATORE MARCHESE told her that she "needed a chance."

44.     Plaintiff alleges that defendant SALVATORE MARCHESE told her that "it would be a good idea to take the spot because it could open to other cops in the future."

45.     Plaintiff alleges that she agreed because the steady hours and days off would make it easier to care for her children.

46.     Plaintiff alleges that defendant SALVATORE MARCHESE falsified Department business records making it appear that she was working the third platoon (4x12) when actually she was working the second platoon (7x3).

47.     Plaintiff alleges that shortly thereafter, while she was off-duty, defendant SALVATORE MARCHESE sent her a picture of a penis to her personal cellular telephone via MMS (Multimedia Messaging Service).

48.     Plaintiff alleges that she believed that the picture was actually defendant SALVATORE MARCHESE'S penis.

49.     Plaintiff alleges that she never responded to defendant SALVATORE MARCHESE'S MMS, instead deleted the picture choosing not to discuss it with him.

50.     Plaintiff alleges that in early February 2010, defendant SALVATORE MARCHESE sent her another picture of his penis to her personal cellular telephone via MMS.

51.     Plaintiff alleges that she believes that the picture was actually defendant SALVATORE MARCHESE'S penis.

52.     Plaintiff alleges that again she refused to respond to defendant SALVATORE

MARCHESE'S MMS, instead deleting the picture and choosing not to discuss it with him.

53.     Plaintiff alleges that on or about February 9, 2010, defendant SALVATORE MARCHESE assigned her to work directly with him.

54.     Plaintiff alleges that she was assigned as the Operator.

55.     Plaintiff alleges that she and defendant SALVATORE MARCHESE performed little if any actual police work.

56.     Plaintiff alleges that defendant SALVATORE MARCHESE would engage her in personal conversations about relationships and her sexual activities.

57.     Plaintiff alleges that defendant SALVATORE MARCHESE told her that he wanted to be more than friends.

58.     Plaintiff alleges that she respectfully declined.

59.     Plaintiff alleges that she did reluctantly go along with the conversations because defendant SALVATORE MARCHESE was her direct supervisor.

60.     Plaintiff alleges that defendant SALVATORE MARCHESE had the ability to transfer her back to a patrol squad, an assignment that was less desirable.

61.     Plaintiff began feeling apprehensive about being alone with him.

62.     Plaintiff alleges that this same routine continued from February 10 through February 26, 2010.

63.     Plaintiff alleges that sometime between February 26, 2010 and Early March 2010, she met with defendant SALVATORE MARCHESE at several locations in New York, Bronx, and Westchester counties the while off-duty.

64.     Plaintiff alleges that defendant SALVATORE MARCHESE was studying for the Captains examination and would work day tours on Saturdays.

65.     Plaintiff alleges that sometime between February 26, 2010 and Early March 2010, after several persistent and aggressive requests by defendant SALVATORE MARCHESE to meet her after work, she agreed to meet with him at the Cross County Mall in Westchester County.

66.     Plaintiff alleges that defendant SALVATORE MARCHESE told her that these meetings were necessary so that they can "become more comfortable working with each other."

67.     Plaintiff alleges that defendant SALVATORE MARCHESE also told her that "these meetings will help to clarify her duties and responsibilities within the Conditions Unit."

68.     Plaintiff alleges that she met with defendant SALVATORE MARCHESE in the parking lot near Macy's.

69.     Plaintiff alleges that defendant SALVATORE MARCHESE parked in an isolated area of the parking lot.

70.     Plaintiff alleges that defendant SALVATORE MARCHESE was driving a brand new late model sport utility vehicle (SUV) with tinted windows.

71.     Plaintiff alleges that defendant SALVATORE MARCHESE insisted that she get into his vehicle.

72.     Plaintiff alleges that she reluctantly agreed.

73.     Plaintiff alleges that she climbed into the passenger seat.

74.     Plaintiff alleges that defendant SALVATORE MARCHESE immediately placed a sunshield inside across the windshield and locked all doors.

75.     Plaintiff alleges that no one from the outside was able to see into the vehicle.

76.     Plaintiff alleges that she began feeling very nervous.

77.     Plaintiff alleges that defendant SALVATORE MARCHESE then began

professing his personal interest in her.

78.   Plaintiff alleges that defendant SALVATORE MARCHESE told her that he wanted to be more than friends.

79.   Plaintiff alleges that defendant SALVATORE MARCHESE begged her for a kiss.

80.   Plaintiff alleges that feeling afraid for her safety she reluctantly kissed him.

81.   Plaintiff alleges that defendant SALVATORE MARCHESE then immediately opened his pants exposing his erect penis.

82.   Plaintiff alleges that defendant SALVATORE MARCHESE begged her to go "down on him and make him feel like a man."

83.   Plaintiff alleges that defendant SALVATORE MARCHESE told her that his personal life was in shambles.

84.   Plaintiff alleges that defendant SALVATORE MARCHESE promised to "take care of her."

85.   Plaintiff feeling afraid for her safety she reluctantly performed oral sex on him.

86.   Plaintiff alleges that defendant SALVATORE MARCHESE ejaculated in her mouth.

87.   Plaintiff alleges that defendant SALVATORE MARCHESE had her leave the vehicle then he drove off to attend the Promotion to Captain, Police Department City of New York class.

88.   Plaintiff alleges that shortly thereafter, within the same time period, defendant SALVATORE MARCHESE insisted that she meet with him in the Bronx in a desolate industrial area near Willis Avenue and Bruckner Boulevard.

89.   Plaintiff alleges that she climbed into the rear passenger seat.

90.     Plaintiff alleges that defendant SALVATORE MARCHESE immediately placed a sunshield inside across the windshield and locked all doors.

91.     Plaintiff alleges that no one from the outside was able to see into the vehicle.

92.     Plaintiff alleges that again she began feeling very nervous.

93.     Plaintiff alleges that defendant SALVATORE MARCHESE again began professing his personal interest in her.

94.     Plaintiff alleges that defendant SALVATORE MARCHESE told her that he wanted to be more than friends.

95.     Plaintiff alleges that defendant SALVATORE MARCHESE told her that he "desired some tender kisses and affection" from her.

96.     Plaintiff alleges that she told defendant SALVATORE MARCHESE that "this is wrong."

97.     Plaintiff alleges that defendant SALVATORE MARCHESE insisted that she perform oral sex on him.

98.     Plaintiff alleges that feeling afraid for her safety she reluctantly performed oral sex on him.

99.     Plaintiff alleges that day, defendant SALVATORE MARCHESE vehicle was illegally parked so he received a Universal Summons.

100.    Plaintiff alleges that defendant SALVATORE MARCHESE then became very aggressive towards her, grabbing the front of her pants and pulling her towards him.

101.    Plaintiff alleges that defendant SALVATORE MARCHESE said that he wanted to have sexual intercourse with her.

102.    Plaintiff alleges that she put him off by claiming that she was having her

menstrual cycle.

103.    Plaintiff alleges that on or about March 2, 2010, defendant SALVATORE MARCHESE ordered her to accompany him in his personal vehicle to perform "graffiti operations."

104.    Plaintiff alleges that defendant SALVATORE MARCHESE drove them over to Randall's Island.

105.    Plaintiff alleges that defendant SALVATORE MARCHESE threw the Universal Summons he received in the Bronx onto her lap and said "I did my half (meaning he filled out the plea form and wrote the check to pay the fine), now do yours!"

106.    Plaintiff alleges that defendant SALVATORE MARCHESE wanted her to mail the plea form and fine to the New York City Department of Finance, Parking Violations Bureau.

107.    Plaintiff alleges that defendant SALVATORE MARCHESE became increasingly hostile towards her and possessive.

108.    Plaintiff alleges that on or about March 3, 2010, defendant SALVATORE MARCHESE ordered her to accompany him in his personal vehicle to perform 'graffiti operations."

109.    Plaintiff alleges that on or about March 4, 2010, defendant SALVATORE MARCHESE ordered her to perform Impact Overtime with him.

110.    Plaintiff alleges that on or about March 5, 2010, defendant SALVATORE MARCHESE working as the Desk Officer, ordered her to work as the Assistant Desk Officer for the tour.

111.    Plaintiff alleges that shortly thereafter, defendant SALVATORE MARCHESE confronted Police Officer Eric Maldonado "man to man" to inquire whether he was involved in a

sexual relationship with her.

112.     Plaintiff alleges that Police Officer Eric Maldonado denied having a relationship with her.

113.     Plaintiff alleges that Police Officer Eric Maldonado told her that "he (meaning defendant SALVATORE MARCHESE) is possessed with you."

114.     Plaintiff alleges that defendant SALVATORE MARCHESE then set her up for plainclothes training.

115.     Plaintiff alleges that on or about March 15, 2010, she attended the plainclothes training course for the next three (3) days.

116.     Plaintiff alleges that on or about March 20, 2010, she told defendant SALVATORE MARCHESE that he should leave her alone.

117.     Plaintiff alleges that defendant SALVATORE MARCHESE was very upset.

118.     Plaintiff alleges that same day, defendant SALVATORE MARCHESE precluded her from working with Police Officer Eric Maldonado.

119.     Plaintiff alleges that defendant SALVATORE MARCHESE'S hostility towards her substantially increased.

120.     Plaintiff alleges that from on or about March 20, 2010, defendant SALVATORE MARCHESE began increasing her workload with constantly changing assignments.

121.     Plaintiff alleges that defendant SALVATORE MARCHESE began closely monitoring her every move at work.

122.     Plaintiff alleges that defendant SALVATORE MARCHESE would even control her assignments while he was off-duty calling various police supervisors to carry out his wishes.

123.     Plaintiff alleges that Sergeant Jose DeJesus wanted to speak with her about

defendant SALVATORE MARCHESE'S conduct but was afraid of his retaliation.

124.   Plaintiff alleges that on or about May 1, 2010, defendant SALVATORE

MARCHESE "smacked" her buttocks in the basement of the 25th Precinct.

125.   Plaintiff alleges that on or about May 8, 2010, she reluctantly decided to complain

about defendant SALVATORE MARCHESE'S conduct to defendant GARFIELD EDMONDS.

126.   Plaintiff alleges that defendant GARFIELD EDMONDS failed to notify the

Office of Equal Employment Opportunity as required by Department policy.

127.   Plaintiff alleges that sometime after, defendant SALVATORE MARCHESE told

her that he had a meeting with Inspector Edward Caban, Lieutenant Evers and defendant

GARFIELD EDMONDS.

128.   Plaintiff alleges that defendant GARFIELD EDMONDS never told Inspector

Edward Caban about the allegations she made to him about defendant SALVATORE

MARCHESE'S conduct.

129.   Plaintiff alleges that during the meeting defendant SALVATORE MARCHESE

said that "Pedrosa was not doing shit," so he wanted her transferred out of the Conditions Unit.

130.   Plaintiff alleges that on or about May 10, 2010, defendant SALVATORE

MARCHESE successfully convinced Inspector Edward Caban to transfer her out of the

Conditions Unit to patrol Squad B-1.

131.   Plaintiff alleges that on or about May 10, 2010, she received a phone call from an

old friend Ms. Natasha Cotto who was dating defendant GARFIELD EDMONDS.

132.   Plaintiff alleges that she told Ms. Natasha Cotto that this was a "NYPD issue" and

disconnected the call.

133.   Plaintiff alleges that on or about May 17, 2010, plaintiff contacted the Internal

Affairs Bureau to report defendants' SALVATORE MARCHESE and GARFIELD
EDMONDS'S misconduct.

134.    Plaintiff alleges that the Internal Affairs Bureau in turn contacted the Office of
Equal Employment Opportunity.

135.    Plaintiff alleges that from on or about May 18, 2010 through December 2, 2010,
she continued to receive poor assignments, unfair discipline and precluded from working
overtime as the other police officers.

136.    Plaintiff alleges that on or about December 2, 2010, she noticed that one of the
Impact Officers was using her Department locker.

137.    Plaintiff alleges that upon closer inspection, she noticed that her lock was
removed and her police equipment missing.

138.    Plaintiff alleges that she immediately reported this to Integrity Control Officer
defendant KEVIN COLEMAN.

139.    Plaintiff alleges that defendant KEVIN COLEMAN failed to notify the Internal
Affairs Bureau as required by Department policy.

140.    Plaintiff alleges that from on or about December 2, 2010 through February 1,
2011, she continued to receive poor assignments, unfair discipline and precluded from working
overtime as the other police officers.

141.    Plaintiff alleges that on or about February 1, 2011, defendant KEVIN COLEMAN
intentionally approved falsified Complaint Report No.: 2011-025-00616 which he knew was not
filed by plaintiff.

142.    Plaintiff alleges that defendant KEVIN COLEMAN intentionally approved said
compliant report to cover-up the fact that he did not notify the Internal Affairs Bureau about her

police equipment being stolen.

143.    Plaintiff alleges that from on or about February 1, 2011 through February 18, 2011, she continued to receive poor assignments, unfair discipline and precluded from working overtime as the other police officers.

144.    Plaintiff alleges that on or about February 18, 2011, defendant NILDA HOFFMAN intentionally caused a UF49 to be written to the Quartermaster Section alleging that plaintiff's police equipment was left "unsecured and discovered missing" when in fact she already knew that plaintiff's property was stolen from her Department locker.

145.    Plaintiff alleges that defendant NILDA HOFFMAN intentionally caused such UF49 to be written to cover-up the fact that plaintiff's property was stolen under her command and that defendant KEVIN COLEMAN did not notify the Internal Affairs Bureau as required by Department policy.

146.    Plaintiff alleges that from on or about February 18, 2011 through May 2, 2011, she continued to receive poor assignments, unfair discipline and precluded from working overtime as the other police officers.

147.    Plaintiff alleges that on or about May 2, 2011, defendant NILDA HOFFMAN intentionally caused a UF49 to be written to the Quartermaster Section alleging that plaintiff's police equipment was left "unsecured and discovered missing" when in fact she already knew that plaintiff's property was stolen from her Department locker.

148.    Plaintiff alleges that defendant NILDA HOFFMAN intentionally caused such UF49 to be written to cover-up the fact that plaintiff's property was stolen under her command and that defendant KEVIN COLEMAN did not notify the Internal Affairs Bureau as required by Department policy.

149.    Plaintiff alleges that from on or about May 2, 2011 through June 2, 2011, she continued to receive poor assignments, unfair discipline and precluded from working overtime as the other police officers.

150.    Plaintiff alleges that on or about June 2, 2011, frustrated that her complaints of sexual harassment and corruption were not being taken seriously, as a citizen she decided to go public and granted an interview to the New York Daily News (Exhibit 6).

151.    Plaintiff alleges that from on or about June 2, 2011 through July 13, 2011, she continued to receive poor assignments, unfair discipline and precluded from working overtime as the other police officers.

152.    Plaintiff alleges that on or about July 13, 2011, the Office of Equal Employment Opportunity notified her that her allegations of sexual harassment against defendant SALVATORE MARCHESE was "SUBSTANTIATED" and he was issued a Supervisor's Complaint Report for a Schedule 'B' Violation and ordered to attend the Professionalism in the Workplace Seminar, a slap on the wrist.

153.    Plaintiff alleges that defendant SALVATORE MARCHESE was transferred from the 25th Precinct, a slap on the wrist.

154.    Plaintiff alleges that her claims of retaliation against defendant SALVATORE MARCHESE were "UNSUBSTANTIATED."

155.    Plaintiff alleges that from on or about July 13, 2011 through December 7, 2011, she continued to receive poor assignments, unfair discipline and precluded from working overtime as the other police officers.

156.    Plaintiff alleges that on or about December 7, 2011, she contacted the Office of Equal Employment Opportunity to complain about retaliation, receiving unfair discipline and

defendant NILDA HOFFMAN falsifying Department records claiming that plaintiff's police equipment was "unsecured and discovered missing" when in fact she knew that her police equipment was stolen from her Department locker.

157.    Plaintiff alleges that the Office of Equal Employment Opportunity failed to notify the Internal Affairs Bureau about defendant NILDA HOFFMAN'S misconduct as required by Department policy.

158.    Plaintiff alleges that from on or about December 7, 2011 through January 22, 2012, she continued to receive poor assignments, unfair discipline and precluded from working overtime as the other police officers.

159.    Plaintiff alleges that on or about January 22, 2012, she handled a 911 call where she determined that the citizen's complaint should be classified as a Burglary Second Degree and Grand Larceny Fourth Degree, both index crimes.

160.    Plaintiff alleges that defendant JESSICA MCRORIE wanted her to change the classification to Petit Larceny, a non-index crime.

161.    Plaintiff alleges that she refused.

162.    Plaintiff alleges that defendant JESSICA MCRORIE then changed the classification without her authorization.

163.    Plaintiff alleges that she notified the Internal Affairs Bureau about defendant JESSICA MCRORIE'S misconduct, who then referred the allegations to the Quality Assurance Division.

164.    Plaintiff alleges that from on or about January 22, 2012 through April 27, 2012, she continued to receive poor assignments, unfair discipline and precluded from working overtime as the other police officers.

165.    Plaintiff alleges that on or about April 27, 2012, she reported to the Quality Assurance Division to sit for a Department Interview regarding her allegations of misconduct against defendant JESSICA MCRORIE.

166.    Plaintiff alleges that from on or about April 27, 2012 through May 8, 2012, she continued to receive poor assignments, unfair discipline and precluded from working overtime as the other police officers.

167.    Plaintiff alleges that on or about May 8, 2012, the Office of Equal Employment Opportunity notified her that her claims of retaliation "did not rise to the level of employment discrimination."

168.    Plaintiff alleges that from on or about May 8, 2012 through January 29, 2013, she continued to receive poor assignments, unfair discipline and precluded from working overtime as the other police officers.

169.    Plaintiff alleges that on or about January 29, 2013, she reported her W2 stolen from inside of the 25th Precinct.

170.    Plaintiff alleges that the theft was never reported to the Internal Affairs Bureau.

171.    Plaintiff alleges that from on or around January 2010 through February 22, 2013, she has been subjected to hostilities and retribution because she acquiesced then declined defendant SALVATORE MARCHESE'S sexual advances.

172.    Plaintiff alleges that from January 2010 through February 22, 2013, she has been subjected to hostilities and retribution because she reported defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE'S conduct to the Internal Affairs Bureau, the Office of Equal Employment Opportunity, the Quality Assurance Division and the public through the New York Daily News.

## VIOLATIONS AND CLAIMS ALLEGED

### COUNT I
### RACE DISCRIMINATION
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

173.   Plaintiff re-alleges Paragraphs 1 through 172 and incorporates them by reference as Paragraphs 1 through 172 of Count I of this Verified Complaint.

174.   Plaintiff alleges that by the aforesaid discriminatory acts and omissions of defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE acting individually and in their official capacities as public officials of defendant CITY interfered with her right to enforce contracts under the color of state law because of her race.

175.   Plaintiff alleges that the purpose of defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE in so acting was to prevent her, through economic and psychological intimidation, from seeking the equal protection of the laws.

176.   Plaintiff alleges that pursuant to their conduct defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE acted to deprive her of her civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threats.

177.   Plaintiff alleges that as a result of the aforesaid acts, depriving her of her civil rights, she suffered mental anguish, emotional distress, and loss of employment opportunities.

### COUNT II
### RETALIATION
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

178.    Plaintiff re-alleges Paragraphs 1 through 177 and incorporates them by reference as Paragraphs 1 through 177 of Count II of this Verified Complaint.

179.    Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE engaged in various retaliatory actions against her acting individually and in their official capacities as public officials of defendant CITY as a result of her opposition to race discrimination.

180.    Plaintiff alleges that the purpose of defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE in so acting was to prevent her, through economic and psychological intimidation, from seeking the equal protection of the laws.

181.    Plaintiff alleges that pursuant to their conduct defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE acted to deprive her of her civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threats.

182.    Plaintiff alleges that as a result of the aforesaid acts, depriving her of her civil rights, she suffered mental anguish, emotional distress, and loss of employment opportunities.

## COUNT III
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1866, 42 U.S.C. § 1981

183.    Plaintiff re-alleges Paragraphs 1 through 182 and incorporates them by reference as Paragraphs 1 through 182 of Count III of this Verified Complaint.

184.    Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE

engaged in various severe and hostile actions against her acting individually and in their official capacities as public officials of defendant CITY as a result of her opposition to race discrimination.

185.   Plaintiff alleges that the purpose of defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE in so acting was to prevent her, through economic and psychological intimidation, from seeking the equal protection of the laws.

186.   Plaintiff alleges that pursuant to their conduct defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE acted to deprive her of her civil rights, by repeated and insidious acts of harassment, intimidation, bad faith and threats.

187.   Plaintiff alleges that as a result of the aforesaid acts, depriving her of her civil rights, she suffered mental anguish, emotional distress, and loss of employment opportunities.

### COUNT IV
### RETALIATION
### IN VIOLATION OF
### THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION

188.   Plaintiff re-alleges Paragraphs 1 through 187 and incorporates them by reference as Paragraphs 1 through 187 of Count IV of this Verified Complaint.

189.   Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE retaliated against her.

190.   Plaintiff alleges that she engaged in constitutionally protected speech.

191.   Plaintiff alleges that she suffered adverse employment actions.

192.   Plaintiff alleges that the protected speech was a "motivating factor" in the adverse

employment decision.

193.    Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE

MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE'S

actions caused her mental anguish, emotional distress and loss of employment opportunities.

**COUNT V**
**INTERFERE WITH RIGHT OF ACCESS TO THE COURTS**
**IN VIOLATION OF**
**THE FIRST AMENDMENT OF THE UNITED STATES CONSTITUTION**

194.    Plaintiff re-alleges Paragraphs 1 through 193 and incorporates them by reference

as Paragraphs 1 through 193 of Count V of this Verified Complaint.

195.    Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE

MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE

interfered with her right of access to the courts.

196.    Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE

MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE

engaged in various tactics internally within the NYPD designed to interfere with his right of

access to the courts.

197.    Plaintiff alleges that as a result of defendants' CITY; NILDA HOFFMAN;

SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA

MCRORIE'S tactics, her ability to bring forth credible evidence to support hers claims has been

impacted through intimidation of potential witnesses.

198.    Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE

MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE'S

actions caused her mental anguish, emotional distress and loss of employment opportunities.

## COUNT VI
## MONELL CLAIM
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

199.    Plaintiff re-alleges Paragraphs 1 through 198 and incorporates them by reference as Paragraphs 1 through 198 of Count VI of this Verified Complaint.

200.    Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE caused plaintiff's injuries.

201.    Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE'S actions were taken under color of law.

202.    Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE deprived plaintiff of her constitutional and statutory rights.

203.    Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE'S actions are causally related to her injuries.

204.    Plaintiff alleges that as a result of defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE'S actions she is damaged.

205.    Plaintiff alleges that an official policy of the NYPD caused her constitutional and statutory injuries.

## COUNT VII
## IMPROPER HIRING
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

206.    Plaintiff re-alleges Paragraphs 1 through 205 and incorporates them by reference as Paragraphs 1 through 205 of Count VII of this Verified Complaint.

207.    Plaintiff alleges that defendant CITY deprived her of her constitutional and statutory rights by hiring defendants' NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE.

208.    Plaintiff alleges that defendant CITY'S decision to hire defendants' NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE reflects a deliberate indifference to the risk that a violation of a constitutional or statutory right would follow.

209.    Plaintiff alleges that as a result of defendant CITY'S decision to hire defendants'NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE she sustained constitutional and statutory injuries.

## COUNT VIII
## FAILURE TO TRAIN
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

210.    Plaintiff re-alleges Paragraphs 1 through 209 and incorporates them by reference as Paragraphs 1 through 209 of Count VIII of this Verified Complaint.

211.    Plaintiff alleges that defendant CITY knows to a moral certainty that its employees will confront a given situation.

212.    Plaintiff alleges that the situation either presents the employee with a difficult

choice of the sort that training will make less difficult or that there is a history of employees mishandling the situation.

213.    Plaintiff alleges that mishandling those situations will frequently cause the deprivation of a citizen's constitutional rights.

214.    Plaintiff alleges that as a result of defendant CITY"S failure to train its employees she sustained constitutional and statutory injuries.

**COUNT IX**
**FAILURE TO SUPERVISE**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

215.    Plaintiff re-alleges Paragraphs 1 through 214 and incorporates them by reference as Paragraphs 1 through 214 of Count IX of this Verified Complaint.

216.    Plaintiff alleges that defendant CITY knows to a moral certainty that its employees will confront a given situation.

217.    Plaintiff alleges that the situation either presents the employee with a difficult choice of the sort that supervision will make less difficult or that there is a history of employees mishandling the situation.

218.    Plaintiff alleges that mishandling those situations will frequently cause the deprivation of a citizen's constitutional rights.

219.    Plaintiff alleges that as a result of defendant CITY"S failure to supervise its employees she sustained constitutional and statutory injuries.

**COUNT X**
**SEXUAL HARASSMENT**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

220.    Plaintiff re-alleges Paragraphs 1 through 219 and incorporates them by reference

as Paragraphs 1 through 219 of Count X of this Verified Complaint.

221.    Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE under color of law, personally interfered with and deprived her of her constitutional rights.

222.    Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE acting individually and in their official capacities as a public officials of defendant CITY under color of law, and having been fully advised that she was being deprived of her constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against her, or knowing such discrimination was taking place, knowingly omitted to act to protect her from continuing deprivations of her rights.

223.    Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE in acting to deprive her of her rights, acted intentionally, knowingly, willfully, and with gross disregard of her rights.

224.    Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at her and continuing from in or around January 2010 until this day.

225.    Plaintiff alleges that as a result of the acts of defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE under color of law, she suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and

other costs of pursuing the claims herein.

## COUNT XI
### GENDER DISCRIMINATION
### IN VIOLATION OF
### THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

226.   Plaintiff re-alleges Paragraphs 1 through 225 and incorporates them by reference as Paragraphs 1 through 225 of Count XI of this Verified Complaint.

227.   Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE under color of law, personally interfered with and deprived her of her constitutional rights.

228.   Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE acting individually and in their official capacities as a public officials of defendant CITY under color of law, and having been fully advised that she was being deprived of her constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against her, or knowing such discrimination was taking place, knowingly omitted to act to protect her from continuing deprivations of her rights.

229.   Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE in acting to deprive her of her rights, acted intentionally, knowingly, willfully, and with gross disregard of her rights.

230.   Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at her and continuing from in or around January 2010 until this day.

231.    Plaintiff alleges that as a result of the acts of defendants' CITY; NILDA

HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and

JESSICA MCRORIE under color of law, she suffered emotional distress, monetary damage, and

incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and

other costs of pursuing the claims herein.

**COUNT XII**
**RACE DISCRIMINATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

232.    Plaintiff re-alleges Paragraphs 1 through 231 and incorporates them by reference

as Paragraphs 1 through 231 of Count XII of this Verified Complaint.

233.    Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE

MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE under

color of law, personally interfered with and deprived her of her constitutional rights.

234.    Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE

MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE acting

individually and in their official capacities as a public officials of defendant CITY under color of

law, and having been fully advised that she was being deprived of her constitutional rights, either

acted in a concerted, malicious intentional pattern to further discriminate against her, or knowing

such discrimination was taking place, knowingly omitted to act to protect her from continuing

deprivations of her rights.

235.    Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE

MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE in

acting to deprive her of her rights, acted intentionally, knowingly, willfully, and with gross

disregard of her rights.

236.   Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at her and continuing from in or around January 2010 until this day.

237.   Plaintiff alleges that as a result of the acts of defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE under color of law, she suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT XIII**
**RETALIATION**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

238.   Plaintiff re-alleges Paragraphs 1 through 237 and incorporates them by reference as Paragraphs 1 through 237 of Count XIII of this Verified Complaint.

239.   Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE under color of law, personally interfered with and deprived her of her constitutional rights.

240.   Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE acting individually and in their official capacities as a public officials of defendant CITY under color of law, and having been fully advised that she was being deprived of her constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against her, or knowing such discrimination was taking place, knowingly omitted to act to protect her from continuing deprivations of her rights.

241.     Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE in acting to deprive her of her rights, acted intentionally, knowingly, willfully, and with gross disregard of her rights.

242.     Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at her and continuing from in or around January 2010 until this day.

243.     Plaintiff alleges that as a result of the acts of defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE under color of law, she suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT XIV**
**HOSTILE WORK ENVIRONMENT**
**IN VIOLATION OF**
**THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983**

244.     Plaintiff re-alleges Paragraphs 1 through 243 and incorporates them by reference as Paragraphs 1 through 243 of Count XIV of this Verified Complaint.

245.     Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE under color of law, personally interfered with and deprived her of her constitutional rights.

246.     Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE acting individually and in their official capacities as a public officials of defendant CITY under color of

law, and having been fully advised that she was being deprived of her constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against her, or knowing such discrimination was taking place, knowingly omitted to act to protect her from continuing deprivations of her rights.

247.    Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE in acting to deprive her of her rights, acted intentionally, knowingly, willfully, and with gross disregard of her rights.

248.    Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at her and continuing from in or around January 2010 until this day.

249.    Plaintiff alleges that as a result of the acts of defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE under color of law, she suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

## COUNT XV
## ABUSE OF AUTHORITY
## IN VIOLATION OF
## THE CIVIL RIGHTS ACT OF 1871, 42 U.S.C. § 1983

250.    Plaintiff re-alleges Paragraphs 1 through 249 and incorporates them by reference as Paragraphs 1 through 249 of Count XV of this Verified Complaint.

251.    Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE under

color of law, personally interfered with and deprived her of her constitutional rights.

252.   Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE acting individually and in their official capacities as a public officials of defendant CITY under color of law, and having been fully advised that she was being deprived of her constitutional rights, either acted in a concerted, malicious intentional pattern to further discriminate against her, or knowing such discrimination was taking place, knowingly omitted to act to protect her from continuing deprivations of her rights.

253.   Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE in acting to deprive her of her rights, acted intentionally, knowingly, willfully, and with gross disregard of her rights.

254.   Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE acted in an outrageous and systematic pattern of discrimination, oppression, bad faith and cover-up, directed at her and continuing from in or around January 2010 until this day.

255.   Plaintiff alleges that as a result of the acts of defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE under color of law, she suffered emotional distress, monetary damage, and incurred medical and legal expenses, and out of pocket expenses for telephone, postage, and other costs of pursuing the claims herein.

**COUNT XVI**
**SEXUAL HARASSMENT**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

256.     Plaintiff re-alleges Paragraphs 1 through 255 and incorporates them by reference as Paragraphs 1 through 255 of Count XVI of this Verified Complaint.

257.     Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE discriminated against her because of her sex.

258.     Plaintiff alleges that she is within the protected class.

259.     Plaintiff alleges that she is qualified for the position.

260.     Plaintiff alleges that she was subjected to an adverse employment action.

261.     Plaintiff alleges that the adverse employment action occurred under circumstances giving rise to an inference of discrimination.

262.     Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE'S violations caused her mental anguish, emotional distress, and loss of employment opportunities.

## COUNT XVII
## GENDER DISCRIMINATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

263.     Plaintiff re-alleges Paragraphs 1 through 262 and incorporates them by reference as Paragraphs 1 through 262 of Count XVII of this Verified Complaint.

264.     Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE discriminated against her because of her sex.

265.     Plaintiff alleges that she is within the protected class.

266.     Plaintiff alleges that she is qualified for the position.

267.    Plaintiff alleges that she was subjected to an adverse employment action.

268.    Plaintiff alleges that the adverse employment action occurred under circumstances giving rise to an inference of discrimination.

269.    Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE'S violations caused her mental anguish, emotional distress, and loss of employment opportunities.

**COUNT XVIII**
**RACE DISCRIMINATION**
**IN VIOLATION OF**
**NEW YORK STATE EXECUTIVE LAW § 296**

270.    Plaintiff re-alleges Paragraphs 1 through 269 and incorporates them by reference as Paragraphs 1 through 269 of Count XVIII of this Verified Complaint.

271.    Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE discriminated against her because of her race.

272.    Plaintiff alleges that she is within the protected class.

273.    Plaintiff alleges that she is qualified for the position.

274.    Plaintiff alleges that she was subjected to an adverse employment action.

275.    Plaintiff alleges that the adverse employment action occurred under circumstances giving rise to an inference of discrimination.

276.    Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE'S violations caused her mental anguish, emotional distress, and loss of employment opportunities.

## COUNT XIX
## RETALIATION
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

277.    Plaintiff re-alleges Paragraphs 1 through 276 and incorporates them by reference as Paragraphs 1 through 276 of Count XIX of this Verified Complaint.

278.    Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE engaged in various retaliatory actions against her because of her opposition to their gender and race discrimination and voicing her complaints to the Internal Affairs Bureau, the Office of Equal Employment Opportunity, the Quality Assurance Division and the public through the New York Daily News.

279.    Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE'S violations caused her mental anguish, emotional distress, and loss of employment opportunities.

## COUNT XX
## HOSTILE WORK ENVIRONMENT
## IN VIOLATION OF
## NEW YORK STATE EXECUTIVE LAW § 296

280.    Plaintiff re-alleges Paragraphs 1 through 279 and incorporates them by reference as Paragraphs 1 through 279 of Count XX of this Verified Complaint.

281.    Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE subjected her to a hostile work environment because of her gender and race.

282.    Plaintiff alleges that the workplace is permeated with discriminatory intimidation, ridicule, and insults that are sufficiently severe or pervasive to alter the conditions of her

employment creating an abusive working environment.

283.    Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE

MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE

engaged in various hostile actions against her because of her opposition to their gender and race

discrimination and voicing her complaints to the Internal Affairs Bureau, the Office of Equal

Employment Opportunity, the Quality Assurance Division and the public through the New York

Daily News.

### COUNT XXI
### SEXUAL HARASSMENT
### IN VIOLATION OF
### NEW YORK CITY ADMINSTRATIVE CODE § 8-107

284.    Plaintiff re-alleges Paragraphs 1 through 283 and incorporates them by reference

as Paragraphs 1 through 283 of Count XXI of this Verified Complaint.

285.    Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE

MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE

discriminated against her because of her sex.

286.    Plaintiff alleges that she is within the protected class.

287.    Plaintiff alleges that she is qualified for the position.

288.    Plaintiff alleges that she was subjected to an adverse employment action.

289.    Plaintiff alleges that the adverse employment action occurred under circumstances

giving rise to an inference of discrimination.

290.    Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE

MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE'S

violations caused her mental anguish, emotional distress, and loss of employment opportunities.

## COUNT XXII
## GENDER DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINSTRATIVE CODE § 8-107

291.    Plaintiff re-alleges Paragraphs 1 through 290 and incorporates them by reference as Paragraphs 1 through 290 of Count XXII of this Verified Complaint.

292.    Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE discriminated against her because of her sex.

293.    Plaintiff alleges that she is within the protected class.

294.    Plaintiff alleges that she is qualified for the position.

295.    Plaintiff alleges that she was subjected to an adverse employment action.

296.    Plaintiff alleges that the adverse employment action occurred under circumstances giving rise to an inference of discrimination.

297.    Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE'S violations caused her mental anguish, emotional distress, and loss of employment opportunities.

## COUNT XXIII
## RACE DISCRIMINATION
## IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-107

298.    Plaintiff re-alleges Paragraphs 1 through 297 and incorporates them by reference as Paragraphs 1 through 297 of Count XXIII of this Verified Complaint.

299.    Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE discriminated against her because of her race.

300.    Plaintiff alleges that she is within the protected class.

301.    Plaintiff alleges that she is qualified for the position.

302.    Plaintiff alleges that she was subjected to an adverse employment action.

303.    Plaintiff alleges that the adverse employment action occurred under circumstances giving rise to an inference of discrimination.

304.    Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE'S violations caused her mental anguish, emotional distress, and loss of employment opportunities.

**COUNT XXIV**
**RETALIATION**
**IN VIOLATION OF**
**NEW YORK CITY ADMINISTRATIVE CODE § 8-107**

305.    Plaintiff re-alleges Paragraphs 1 through 304 and incorporates them by reference as Paragraphs 1 through 304 of Count XXIV of this Verified Complaint.

306.    Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE engaged in various retaliatory actions against her because of her opposition to their gender and race discrimination and voicing her complaints to the Internal Affairs Bureau, the Office of Equal Employment Opportunity, the Quality Assurance Division and the public through the New York Daily News.

307.    Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE'S violations caused her mental anguish, emotional distress, and loss of employment opportunities.

## COUNT XXV
## HOSTILE WORK ENVIRONMENT
### IN VIOLATION OF
## NEW YORK CITY ADMINISTRATIVE CODE § 8-107

308.   Plaintiff re-alleges Paragraphs 1 through 307 and incorporates them by reference as Paragraphs 1 through 307 of Count XXV of this Verified Complaint.

309.   Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE subjected her to a hostile work environment because of her gender and race.

310.   Plaintiff alleges that the workplace is permeated with discriminatory intimidation, ridicule, and insults that were sufficiently severe or pervasive to alter the conditions of her employment creating an abusive working environment.

311.   Plaintiff alleges that defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE engaged in various hostile actions against her because of her opposition to their gender and race discrimination and voicing her complaints to the Internal Affairs Bureau, the Office of Equal Employment Opportunity, the Quality Assurance Division and the public through the New York Daily News.

### JURY TRIAL

312.   Plaintiff demands a trial by jury of all issues in this action that are so triable.

## **PRAYER FOR RELIEF**

Wherefore, plaintiff demands compensatory and punitive damages from

defendants' CITY; NILDA HOFFMAN; SALVATORE MARCHESE; GARFIELD

EDMONDS; KEVIN COLEMAN and JESSICA MCRORIE in the amount of $30 million

dollars, plus any and all available statutory remedies, both legal and equitable, and interests and

costs.

Dated:  February 25, 2013
        New York, NY

Respectfully submitted,

By: _____
    Eric Sanders

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
1140 Avenue of the Americas, 9th Floor
New York, NY 10036
(800) 371-4835 (Business Telephone)
(212) 537-9081 (Facsimile)

Website: http://www.thesandersfirmpc.com

**EXHIBIT 1**

DAILY NEWS
MOBILE

Get the latest news,
sports, gossip and more
on your mobile phone »

Sunday, February 24, 2013                    **NYDailyNews.com** / Crime

LOGIN WITH FACEBOOK / SIGN IN

Jobs    Classifieds    Contests    Reader Offers    Home Delivery    Services    Apps

Search site

SITE   WEB | BLOGS

news    politics    sports    showbiz    opinion    living    photos    video    autos

*More of News :*   U.S   WORLD   DESI   CRIME   THE WEEK   NEWS PICS   BLOGS

## CRIME

# NYPD captain who exposed himself in subway station gets to keep pension

BY BRENDAN BROSH / DAILY NEWS WRITER
TUESDAY, AUGUST 11, 2009, 12:18 AM

0        0        0

An NYPD captain who exposed himself in a Queens subway
station while on duty got off with a slap on the wrist Monday -
and his full pension.

Transit Bureau Capt. Jeffrey Klimas tried to fondle a 20-year-old
man in a bathroom at the Union Turnpike station in Kew
Gardens in May 2008, prosecutors said.

**RELATED: TEEN INDICTED IN DOG TOSS**

Klimas pleaded guilty to public lewdness and disorderly conduct
in October 2008. Prosecutors asked for the misdemeanor
lewdness charges to be dismissed after he completed a
psychotherapy program and agreed to resign from the NYPD.

Klimas - who started with the NYPD in 1983 - was docked 11
vacation days, but left the force with his full pension, his lawyer
Jeffrey Lichtman said.

**RELATED: CAT BURNER'S PAL GOING TO JUVIE JAIL**

Queens Criminal Court Judge Stephanie Zaro told Klimas to "stay out of trouble for a year."

The 20-year-old man told police investigators he was involved in a romantic relationship with the
married cop.

**RELATED: THREE BUSTED IN L.I. BAR SEX SLAVE OPERATION**

Klimas, 52, was charged with two counts of public lewdness and suspended from the force at the
time.

The veteran transit officer was also accused of fondling a teenager on the No. 4 train in 2003. Those
charges were reportedly dismissed as unfounded.

**POST A COMMENT »**

### RELATED STORIES

Crime fighters in Brooklyn are
using social media to catch
dumb gangsters flaunting
illegal weapons

Cops: This is the man who
raped a woman near
Brooklyn College

NYPD school safety agent, 25,
shot in the chest inside his
vehicle in East Flatbush

Day in the life of justice
system: Crooks, cops and
courts never rest

POWERED BY Inform

## MOST POPULAR

MOST READ        MOST SHARED

1   Suspect sought in connection to Las
    Vegas shooting

2   Bad seed rots for life for mass killings on
    Calif. fruit farms

3   $85 billion in deep cuts set to ripple across
    country

4   Disabled teen scores basket with
    opponent's aid

5   Pope's resignation linked to gay conclave:
    report

6   4 arrested in Egypt for doing Harlem
    Shake

7   Colo. teen heard on 911 call saying he
    killed girl

8   Vatican: Pope didn't resign over sex
    scandal

9   Chicago struggles to combat gun violence

10  Man accused of giving poisoned wine to
    classmate



NUANCE

Scan & See Your
Documents From
the Cloud

Paperport
Professional 14

BUY NOW

**EXHIBIT 2**




THE LATEST IN INDIAN NEWS
DAILY NEWS
DESI
read all »

Sunday, February 24, 2013     **NYDailyNews.com** / New York

LOGIN WITH FACEBOOK  /  SIGN IN

Jobs    Classifieds    Contests    Reader Offers    Home Delivery    Services    Apps

Search site

SITE  WEB | BLOGS

news    politics    sports    showbiz    opinion    living    photos    video    autos

*More of New York :*  EVENTS    BRONX    BROOKLYN    QUEENS    UPTOWN    EDUCATION    WEATHER    DEATH NOTICES    NEW YORK PICS

NEW YORK

# Gay NYPD Lt. accused of sexual harrassment; he claims 'jock itch'

BY JOHN MARZULLI / DAILY NEWS STAFF WRITER

THURSDAY, OCTOBER 23, 2008, 10:00 AM

0        0        0

UPDATE: 'JOCK ITCH COP QUITS
A gay NYPD lieutenant has been found guilty of sexually harrassing two male sergeants and creating a lewd, hostile work environment, the Daily News has learned.

Lt. Kieran Crowe, 50, denied the allegations, and blamed his behavior on "jock itch."

READ ALSO: IN WAKE OF SEX HARASS SUIT, STILL HOT AT HAWIIAN TROPIC ZONE

Sgts. Dominic Coppola and Sean Gallagher filed an internal complaint against Crowe in 2004, when all three men worked at the Office of Equal Employment Opportunity at Police Headquarters. They also sued the city and the NYPD in Manhattan Federal Court.

The sergeants said Crowe, a 23-year NYPD veteran, simulated masturbating and wiggled his tongue at them in a sexually suggestive manner in the 12th-floor office which, ironically, investigates harassment in the .workplace.

RELATED: 2 NYPD OFFICERS SHOT IN QUEENS

Crowe's lawyers called as a witness a dermatologist, who said Crowe was treated for a body rash and jock itch between 2001 and 2004, records show.

Trial commissioner John .Grappone rejected that argument. In a ruling issued over the summer, Grappone said no medical condition warrants "extensive staring at crotches, masturbation gestures, tongue gestures and sighing sounds."

RELATED: NYPD HONORS FALLEN HEROES

Crowe admitted he made stroking motions with his hand while talking on the phone, "making a whistling gesture and moving his fist . . . in an outward and up and down motion."

Crowe explained that away by saying, "I might be getting jerked around on the phone, or that I was going to stroke someone."

Police Commissioner Raymond Kelly signed off on a penalty in which Crowe was suspended for 60 days and placed on dismissal probation. That means he can be fired for any misbehavior over the next year.

Coppola, a 17-year veteran, and Gallagher, who's been in the NYPD 18 years, have since been transferred to the Police Academy.

Their lawyer said the decision not to fire Crowe shows that the NYPD's disciplinary process is

RELATED STORIES

City dishes out $300K in suit against gay cop who fondled himself

NYPD can't nix disability for boxing-case hero

Cops get masks to guard vs. swine flu

Sex disease, murders on rise in city

powered by  **Inform**

MOST POPULAR

MOST READ    MOST SHARED

1  Rob Morrison's alleged mistress Jennifer Rainville steps out

2  Angry anchorman had affairs with newswomen on set: sources

3  1 million outstanding warrants in NYC

4  Brooklyn woman dies after being found unconcious at home

5  Clock runs out for cancer-stricken mom to sue for malpractice

6  Disgraced anchorman Rob Morrison's wife Ashley seen leaving their Connecticut home

7  Full list: Top 52 NYC high schools

8  Kuby: Judge facts not fantasy in Cannibal Cop case

9  Billionaire abused by his own son till death

10 College friend of Cannibal Cop possibly on his menu

**EXHIBIT 3**

DAILY NEWS
HOMES
VIEW

Sunday, February 24, 2013                **NYDailyNews.com** / New York

LOGIN WITH FACEBOOK  /  SIGN IN

Jobs     Classifieds     Contests     Reader Offers     Home Delivery     Services     Apps

Search site

SITE  WEB | BLOGS

news      politics      sports      showbiz      opinion      living      photos      video      autos

*More of New York :*   EVENTS     BRONX     BROOKLYN     QUEENS     UPTOWN     EDUCATION     WEATHER     DEATH NOTICES     NEW YORK PICS

NEW YORK

# City dishes out $300K to settle suit against gay cop who rubbed crotch in front of male co-workers

BY JOHN MARZULLI / DAILY NEWS STAFF WRITER

TUESDAY, JULY 13, 2010, 4:00 AM

0          0          0



HALFDARK

**Lt. Kieran Crowe retired from the NYPD in 2008 after he was found guilty of fondling himself in front of two male sergeants.**

A lawsuit accusing a gay NYPD lieutenant of fondling himself in front of two male sergeants is costing the city a lot of scratch.

The city has agreed to pay $300,000 to settle a sexual harassment claim against Lt. Kieran Crowe, who blamed his behavior on jock itch, the Daily News has learned.

Sgt. Dominic Coppola will receive $175,000 and Sgt. Sean Gallagher $125,000 in the agreement hammered out Monday in Manhattan Federal Court, according to their lawyer, Eric Sanders.

"Although our clients are satisfied that the litigation is over, it is further proof that the once-silent issue of same-sex harassment is on the rise," said Sanders, of the Law Firm of Jeffrey Goldberg in Lake Success, L.I.

**RELATED**STORIES

Gay NYPD Lt. in lewd suit claims 'jock itch'

'Jock itch' cop in gay flap quits

powered by **inform**

AdChoices ▷

MOST POPULAR

MOST READ      MOST SHARED

1   Rob Morrison's alleged mistress Jennifer Rainville steps out

2   Angry anchorman had affairs with newswomen on set: sources

3   1 million outstanding warrants in NYC

4   Brooklyn woman dies after being found unconcious at home

5   Clock runs out for cancer-stricken mom to sue for malpractice

6   Disgraced anchorman Rob Morrison's wife Ashley seen leaving their Connecticut home

7   Full list: Top 52 NYC high schools

8   Kuby: Judge facts not fantasy in Cannibal Cop case

9   Billionaire abused by his own son till death

10  College friend of Cannibal Cop possibly on his menu

Crowe retired from the NYPD in 2008 after he was found guilty in a department trial of rubbing his crotch, simulating masturbation and wiggling his tongue at the sergeants.

According to court papers, a dermatologist testified at the trial that Crowe was treated for jock itch for a decade.

Asked at the trial whether he ever placed his right hand anywhere near his private parts at his Police Headquarters office, Crowe answered: "It is possible because of medical conditions, but never in the way that these complainants have said."

"He paid nothing, he did nothing, he admitted nothing," Crowe's lawyer Rae Koshetz told The News.

"If the city wants to pay these people, that's their choice."

Coppola is still on the force, and Gallagher is now the chief of a small police department in Washington State, his lawyer said.

jmarzulli@nydailynews.com

**POST A COMMENT »**

## Offers and articles from around the Web

Advertisement


Melville - New rule allows many New York residents to get car insuran...


See why this wonder "weight loss pill" has top doctors raving.


Melville : Penny stocks could be the secret to being able to afford an...


Men are finding an unlikely testosterone booster...

## COMMENTS

See All Comments

[Discussion Guidelines ]

POST A NEW COMMENT

**POST**

Show more comments

**ADS BY YAHOO!**

**CREDIT REPORTS**
Learn what impacts your credit score and how to get a credit report!
*(OnlineHomeRefinance.net)*

**54-YEAR-OLD MOM LOOKS 27**
Follow this 1 weird tip and remove 20 years of wrinkles in 20 days.
*(theSmartConsumerLiving.com)*

**GET RID OF WRINKLES**
Call (877) 512-5574 & get rid of Wrinkles & Sagging Skin Easily.
*(www.LifestyleLift.com)*

## EDITORS' PICKS


**Angry anchorman had affairs with newswomen on set: sources**
The ex-anchorman accused of twice choking his wife couldn't keep his hands off


**TGIF! See the hottest celeb pics of the week**
Victoria's Secret and Vogue model Karlie Kloss donned leather and lingerie on a fashion shoot in Miami.


**Teacher sought budget hit man to off ex-husband**
Kindergarten teacher Angela Nolen stands accused of trying to kill her ex, Paul Strickler, with the


**Disgraced anchorman Rob Morrison's wife Ashle...**
The wife of disgraced anchorman Rob Morrison fled their Connecticut home


**The Oscars are just around the corner! Check out these Hollywood A-listers BEFORE they were**
Not every actor starts out as a star! Check out what


**Kate Upton's body being guarded**
Kate Upton's curves are under full time watch. The curvaceous Kate, who landed on the cover of the Sports Illustrated Swimsuit


**PHOTOS: BEAR-Y CUTE! Weird fruits and vegetables**
These aren't your average fruits and vegetables! If you're tired of the same old apples and oranges, why


**Clock runs for cancer-stricken mom to sue for malpractice**
New York is going to kill Lavern Wilkinson twice. Doctors at Kings County


**1 million outstanding warrants in NYC**
A single beer put Patrick Lamson-Hall behind bars for 27 hours.


**ONE BAD SEED: Sicko in mass killings on California fruit farms rots for life**
Strange that a receipt for a slab of meat would turn out

She's up for a Best Actress Award at the Oscars, but

**EXHIBIT 4**


DAILY●NEWS    WIN
EXCLUSIVE READER CONTEST
Read New York's hometown
newspaper and WIN! »

Sunday, February 24, 2013          NYDailyNews.com / News

LOGIN WITH FACEBOOK / SIGN IN

Jobs    Classifieds    Contests    Reader Offers    Home Delivery    Services    Apps

Search site

SITE | WEB | BLOGS

news    politics    sports    showbiz    opinion    living    photos    video    autos

*More of News :*    U.S    WORLD    DESI    CRIME    THE WEEK    NEWS PICS    BLOGS

## NEWS

# Ex-NYPD captain admits exposing himself to female cop

BY JOHN MARZULLI / DAILY NEWS STAFF WRITER

WEDNESDAY, OCTOBER 24, 2007, 11:47 PM

4          0          0

An NYPD captain forced to retire in disgrace has admitted for
the first time that he exposed himself to a female cop in a Bronx
precinct stationhouse.

But Capt. Michael DeBellis claims he did it only after the female
cop opened her blouse and bared her bra to him.

"What happened was a consensual act," said DeBellis' lawyer
James Moschella.

The admission came as Officer Robin Hightower filed a $250
million lawsuit against the captain and the NYPD Wednesday in
Bronx Supreme Court.



**Capt. Michael DeBellis**

Moschella said the suit was not unexpected. "She has been less
than truthful," he said. "We believe this was a classic setup. The
lawsuit speaks volumes. It's what this was always about. A payday."

Moschella claims the captain and the cop were engaged in sex talk when Hightower flashed her
breasts and dared DeBellis to expose himself, which he did. Hightower contacted the Internal Affairs
Bureau and secretly taped the captain making sexual comments.

The defense attorney said DeBellis knows his behavior was inappropriate and it's the reason he
copped to a plea agreement with NYPD prosecutors to forfeit 60 days' pay. The deal allows him to
retire with his full pension intact.

Moschella said DeBellis is considering suing the cop for defamation for some of her allegations,
which he says are false.

Hightower, a 14-year veteran, Wednesday called the penalty "a slap on the wrist" and fears it will
discourage complaints from other female officers who are sexually harassed by their superiors.

She alleges a barrage of harassment from DeBellis leading up to the lewd incident in his office last
October.

"I knew from day one that they [police officials] were going to cover up for him," she said. "Internal
Affairs wasn't even aggressively investigating this until I made the first tape. I wasn't even consulted
[on the plea deal]."

Hightower's lawyer Eric Sanders of the law firm of Jeffrey Goldberg in Lake Success, L.I., said
DeBellis should have been punished more severely.

"Capt. DeBellis enjoyed 'white shirt immunity,' no serious discipline for executive supervisors,"

## MOST POPULAR

MOST READ    MOST SHARED

1    Suspect sought in connection to Las
     Vegas shooting

2    Bad seed rots for life for mass killings on
     Calif. fruit farms

3    $85 billion in deep cuts set to ripple across
     country

4    Disabled teen scores basket with
     opponent's aid

5    Pope's resignation linked to gay conclave:
     report

6    4 arrested in Egypt for doing Harlem
     Shake

7    Colo. teen heard on 911 call saying he
     killed girl

8    Vatican: Pope didn't shake over sex
     scandal

9    Chicago struggles to combat gun violence

10   Man accused of giving poisoned wine to
     classmate


NUANCE
The smarter value
in PDF software
PDF Converter
Professional 8
BUY NOW

Sanders said.

jmarzulli@nydailynews.com

**POST A COMMENT »**

## Offers and articles from around the Web

Advertisement


Men are finding an unlikely testosterone booster...


Turn $200 worth of pocket change into a whopping pile of cash with "di...


Melville - New rule allows many New York residents to get car insuran...


Melville : Penny stocks could be the secret to being able to afford an...

## COMMENTS

See All Comments

[Discussion Guidelines]

POST A NEW COMMENT

**POST**

Show more comments

### ADS BY YAHOO!

**CREDIT REPORTS**

Learn what impacts your credit score and how to get a credit report!

*(OnlineHomeRefinance.net)*

**54-YEAR-OLD MOM LOOKS 27**

Follow this 1 weird tip and remove 20 years of wrinkles in 20 days.

*(theSmartConsumerLiving.com)*

**TOTAL HEDGE FUND SERVICES**

Accounting, admin, tax, marketing, website, start up & more.

*(www.completehedge.com)*

## EDITORS' PICKS


**Cheerleading coach admits performing oral sex...**
A 22-year-old high school cheerleading coach in Shelbyville, Ind., cut a plea deal with prosecutors after


**OLDEST MUG SHOTS: Thieves, poachers and murders dating all the way back to the**
A collection of 150-year-old mug shots from Bedford


**Fallen 'Idol': Singer busted with heroin in her platform shoes**
A winner of the TV talent show "Latin American Idol" who was once loved by


**Kate Upton's body being guarded**
Kate Upton's curves are under full time watch. The curvaceous Kate, who landed on the cover of the Sports Illustrated Swimsuit


**As we countdown the days to the 85th annual Academy Awards, take a look back at the BEST red**
Celebs get primped and pampered from head to toe


**GAY SCANDAL ROCKS THE VATICAN: Rome denounces reports Pope quit over**
The Vatican strongly pushed back Saturday


**PHOTOS: BEAR-Y CUTE! Weird fruits and vegetables**
These aren't your average fruits and vegetables! If you're tired of the same old apples and oranges, why


**Chicago struggles to combat gun violence**
CHICAGO — It was seen as a moment of hope for this blood-soaked city.


**Pope's resignation linked to gay conclave: re...**
Pope Benedict's stunning resignation is being linked to a bombshell report exposing a secret gay


**$85 billion in deep cuts set to ripple across country**
Barring an unlikely last-minute deal, $85 billion will be cut from the federal budget beginning Friday —

She's up for a Best Actress Award at the Oscars, but

EXHIBIT 5



Sunday, February 24, 2013                        **NYDailyNews.com** / News                        LOGIN WITH FACEBOOK  /  SIGN IN

Jobs    Classifieds    Contests    Reader Offers    Home Delivery    Services    Apps              Search site

                                                                                                  SITE  WEB ! BLOGS

                        news    politics    sports    showbiz    opinion    living    photos    video    autos

*More of News :*    U.S    WORLD    DESI    CRIME    THE WEEK  /    NEWS PICS    BLOGS

NEWS

# NYPD captain accused of lewd conduct will retire

WEDNESDAY, SEPTEMBER 26, 2007, 4:00 AM

0          0          0

An NYPD captain will retire after being accused by a female subordinate of dropping his drawers and
masturbating in front of her, police brass said yesterday.

Capt. Michael DeBellis, the former commanding officer of the 42nd Precinct, will be suspended for a
total of 46 days without pay and then forced to retire, police officials said.

DeBellis, 45, will be allowed to keep his police identification card and carry a weapon after he retires,
sources said. That allows him to work in security in retirement, sources said.

In an exclusive interview with the Daily News, Police Officer Robin Hightower recounted how she
endured a barrage of sexual overtures from DeBellis, including one instance where he allegedly
masturbated in front of her.

She also told how she and the NYPD Internal Affairs Bureau secretly taped DeBellis last October. In
the sting, they allegedly caught DeBellis discussing the incident and proposing a rendezvous in an
office at the precinct stationhouse in the Bronx.

Hightower's lawyer Eric Sanders of the law firm of Jeffrey Goldberg in Lake Success, L.I., had said
DeBellis should be charged with public lewdness, a misdemeanor carrying a penalty of up to one
year in prison.

A spokesman for the Bronx district attorney said the allegations did not justify the charge.

Hightower, 39, has filed a notice of intent to file a civil suit against the city alleging she was the victim
of sexual harassment.

**POST A COMMENT »**

### MOST POPULAR

**MOST READ**    **MOST SHARED**

1    Suspect sought in connection to Las
     Vegas shooting

2    Bad seed rots for life for mass killings on
     Calif. fruit farms

3    $85 billion in deep cuts set to ripple across
     country

4    Disabled teen scores basket with
     opponent's aid

5    Pope's resignation linked to gay conclave:
     report

6    4 arrested in Egypt for doing Harlem
     Shake

7    Colo. teen heard on 911 call saying he
     killed girl

8    Vatican: Pope didn't resign over sex
     scandal

9    Chicago struggles to combat gun violence

10   Man accused of giving poisoned wine to
     classmate

**Offers and articles from around the Web**                                    Advertisement

 Men are finding an unlikely
testosterone booster...

 See why this wonder "weight loss
pill" has top doctors raving.

 Turn $200 worth of pocket change
into a whopping pile of cash with
"dl...

 Smokers: Are electronic cigarettes
cheaper and better for your
health?...

## COMMENTS

See All Comments                                [Discussion Guidelines ]

**EXHIBIT 6**

DAILY NEWS

NEW YORK

## City cop claims lieutenant texted her racy photos but year after complaint probe drags on

BY SIMONE WEISCHELBAUM / DAILY NEWS STAFF WRITER
THURSDAY, JUNE 2, 2011, 4:00 AM

A city cop claims a lieutenant texted her a photo of his penis and then put her on a foot post after she turned down his sexual advances, sources told the Daily News.



Officer Lisette Pedrosa, 39, filed complaints with the Internal Affairs Bureau and the Police Department's Office of Equal Employment Opportunity about a year ago.

Pedrosa says the NYPD has done nothing to squash the alleged sexual harassment, so she plans to file a lawsuit this month.

"I feel stuck," Pedrosa told The News. "I can't transfer out. I feel like I am being cheated."

Pedrosa, assigned to the 25th Precinct in East Harlem, said her problems with Lt. Salvatore Marchese began in February 2010 when he asked her to leave street patrol and work with him in the graffiti unit.

Officer Lisette Pedrosa.

"He said he wanted me in plain clothes so we could go in his private vehicle to look for graffiti," Pedrosa said of the 45-year-old Marchese. "He said he wanted people to get used to us being together."

The NYPD confirmed the internal complaints, adding that Pedrosa's claims are still under investigation. Police officials wouldn't say why the probe has taken more than a year.

Reached by phone, Marchese wouldn't talk about the alleged harassment. "I don't want to comment," he said. "That's all I have to say."

His lawyer James Moschella denied the accusations.

"He feels he will be vindicated," Moschella said. "The allegations are not true period."

Police sources said the lieutenant's fixation on Pedrosa was well-known throughout the precinct.

"He would change her days off to match his," said a high-ranking police source.

"He would use his overtime to come in early to be with her," another Harlem police source said.

Pedrosa said she had enough last May when Marchese slapped her butt while she looked for graffiti remover in the precinct basement. Then she filed the complaints against him.

Marchese finally kicked her out of the graffiti unit during a verbal clash after roll call, sources said.

Pedrosa, a mother of three, says she has to work the streets alone and on foot.

Meanwhile, Marchese was given a better gig as the new lieutenant of special operations in charge of 60 cops, sources said.

"How could he be there and how could he have more power?" one of the sources said. "It doesn't make sense."

simonew@nydailynews.com

ADVERTISEMENT









The E-Cigarette craze is sweeping the country. Is it really that good?

See why this wonder "weight loss pill" has top doctors raving.

Report discovers odd natural ingredient that helps women lose stubborn belly fat.

Men are finding an unlikely testosterone booster...

If you own a home in New York and have a mortgage you better read this...

## ATTORNEY VERIFICATION

STATE OF NEW YORK

ss:

COUNTY OF NEW YORK

**ERIC SANDERS, ESQ.,** affirms as follows:

I am an attorney at law admitted to practice in the Courts of the State of New York, and I am the attorney for the plaintiff in the within action, and as such, am familiar with all the facts and circumstances therein.

That the foregoing Verified Complaint is true to the knowledge of affirmant, except as to those matters therein stated to be alleged upon information and belief, and that as to those matters he believes it to be true.

Affirmant further states that the reason that this verification is made by affirmant and not by plaintiff is that plaintiff is not within the county of New York, where affirmant maintains his office.

Affirmant further states, that the sources of his knowledge and information are reports of investigations, conversations, writings memoranda and other data concerning the subject matter of the litigation.

The undersigned attorney affirms that the foregoing statements are true, under the penalties of perjury and pursuant to Rule 2106 CPLR.

Dated: February 25, 2013
       New York, NY

Respectfully submitted,

By: _____

Eric Sanders

Eric Sanders, Esq.
**THE SANDERS FIRM, P.C.**
1140 Avenue of the Americas, 9th Floor
New York, NY 10036
(800) 371-4835 (Business Telephone)
(212) 537-9081 (Facsimile)

Website: http://www.thesandersfirmpc.com

Index No.:

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF THE BRONX

LISETTE PEDROSA

                                    Plaintiff,


            -against-

THE CITY OF NEW YORK; NILDA HOFFMAN; as
Deputy Inspector, Commanding Officer of the 25th Precinct;
SALVATORE MARCHESE, as Lieutenant, formerly
assigned to the 25th Precinct; GARFIELD EDMONDS, as
Lieutenant, formerly assigned to the 25th Precinct; KEVIN
COLEMAN, as Sergeant, formerly assigned to the 25th
Precinct and JESSICA MCRORIE, as Sergeant, 25th Precinct,
each being sued individually in their official capacities as
employees of defendant THE CITY OF NEW YORK

                                    Defendants'

---

## SUMMONS WITH VERIFIED COMPLAINT

---

*Duly submitted by:*            Eric Sanders, Esq.
                                **THE SANDERS FIRM, P.C.**
                                1140 Avenue of the Americas, 9th Floor
                                New York, NY 10036
                                (800) 371-4835 (Business Telephone)
                                (212) 537-9081 (Facsimile)

---

*To:*

*Attorney(s) for:*

                                                            *Dated:*

*Sir(s):   Please take notice that the legal papers within is/are certified true and original under the jurisdiction
           referenced above and are properly submitted/filed by the respective counsel so referenced.*